UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5328 RAJ <br><br> **ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS** |

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the Administrative Law Judge ("ALJ") erred in rejecting Plaintiff's testimony regarding the symptoms of his ulcerative colitis, in interpreting the testimony of a testifying medical expert, and in rejecting the opinions of examining physician Raymond West, M.D. Dkt. 16, p. 1. As

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 36 years old, has an Associate's degree, and has worked as an appraiser, host, salesperson, and cashier. Admin. Record ("AR") 61, 79, 91, 259, 448. On November 4, 2012, Plaintiff applied for benefits, alleging a closed period of disability from January 1, 2012, through December 31, 2015.[1] AR 79, 226–33, 437. Plaintiff's applications were denied initially and on reconsideration. AR 79–106, 109–36. ALJ Tom Morris conducted a hearing on May 1, 2014, after which he issued a decision finding Plaintiff not disabled. AR 10–21, 26–76. The Appeals Council denied review. AR 1–4.

Plaintiff sought review in this Court in September 2015. AR 579–80. On May 6, 2016, United States Magistrate Judge Mary Alice Theiler entered an order reversing and remanding ALJ Morris's decision. *See* AR 586–92. Judge Theiler held the ALJ erred in finding Plaintiff did not have a severe impairment of ulcerative colitis at step two. AR 589–90. Judge Theiler held the ALJ erred by purporting to accept Dr. West's opinions

---

[1] The record is conflicting as to the dates Plaintiff alleges. Plaintiff originally alleged an onset date of January 1, 2012. AR 226. In the first decision, the ALJ found Plaintiff amended his alleged onset date to June 1, 2012. AR 10, 32. At the second hearing, Plaintiff amended his claim to a closed period, alleging an end date of December 31, 2015. AR 461–62. Plaintiff then submitted a motion to amend the end of the closed period to February 29, 2015, but the ALJ did not address this. *See* AR 437, 814; *see also* AR 1321. In the decision currently under review, the ALJ—for an unexplained reason—reverted to the original alleged onset date, finding Plaintiff was "alleging a closed period of disability from January 1, 2012 through December 31, 2015." AR 1133. On remand, the ALJ must clarify the dates Plaintiff alleges for the onset and end of alleged disability.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

but failing to fully account for them in assessing Plaintiff's residual functional capacity ("RFC"). AR 590–91. Judge Theiler held the ALJ erred in assessing Plaintiff's symptom testimony regarding ulcerative colitis because "[n]one of the ALJ's general credibility reasons explain why the ALJ rejected Plaintiff's testimony regarding his ulcerative colitis symptoms and limitations." AR 592.

On remand, ALJ Morris conducted two more hearings to consider Plaintiff's claims. *See* AR 457–551. At the second of these hearings, which took place on July 11, 2017, the ALJ took testimony from medical expert Dr. Daller. *See* AR 514–38. On January 31, 2018, ALJ Morris issued a new decision again finding Plaintiff not disabled. AR 437–50.

Plaintiff again appealed the ALJ's decision, and Judge Theiler again reversed. *See* AR 1391–1398. Judge Theiler held the ALJ did not err in rejecting Dr. West's opinions. AR 1395. But Judge Theiler found "the ALJ's conclusions regarding the medical evidence and opinions associated with [P]laintiff's ulcerative colitis during the closed period to lack the support of substantial evidence." AR 1398. Judge Theiler found ALJ Morris failed to get clear testimony from Dr. Daller as to his opinions on the impacts of Plaintiff's ulcerative colitis. AR 1395–98.

On remand for the second time, ALJ Glenn Meyers held two more hearings. *See* AR 1317–63. At the second of these hearings, which took place on January 23, 2020, the ALJ took testimony from medical expert Ashok Jilhewar, M.D. AR 1335–52. ALJ Meyers issued a decision a few days later, once again finding Plaintiff not disabled. *See*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

AR 1133–43.  In relevant part, ALJ Meyers found Plaintiff had severe impairments of spine disorder, ulcerative colitis, depressive disorder, anxiety disorder, and substance addiction disorder.  AR 1136.  The ALJ found Plaintiff had the RFC to perform light work with some postural restrictions.  AR 1138.  Plaintiff could perform unskilled, repetitive, routine tasks in two-hour increments.  *Id.*  He had some social limitations.  *Id.*  He needed ready access to a bathroom at the worksite, and would be absent from work once per month.  *Id.*

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

### A.   Plaintiff's Testimony Regarding Ulcerative Colitis

Plaintiff contends the ALJ erred in rejecting his testimony regarding his ulcerative colitis symptoms.  Dkt. 16, pp. 2–3.  Plaintiff testified he has three to five bowel movements a day, and is sometimes unable to control them.  *See* AR 43–45, 475–76, 490.  He testified he has bowel movements up to 20 times a day on his worst days, and up to ten times on bad days.  AR 490–91.  Plaintiff testified he wears protective clothing, but still has accidents approximately once every two weeks that soil his clothing, requiring him to clean up and change.  AR 43–44, 476.  Plaintiff testified he plans his daily activities around being able to go to the bathroom.  AR 63–64.

The Ninth Circuit has "established a two-step analysis for determining the extent

to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). At this stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; he does not have to show the impairment could reasonably be expected to cause the severity of symptoms alleged. *Id.* The ALJ found Plaintiff met this step. AR 1139.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet." *Garrison*, 759 F.3d at 1014–15. The ALJ here rejected Plaintiff's testimony regarding ulcerative colitis as inconsistent with the medical evidence, which showed a lack of compliance with treatment recommendations, improvement when taking medication, and symptom severity less than alleged. AR 1139. The ALJ further rejected Plaintiff's testimony as inconsistent with his daily activities. AR 1140.

Plaintiff has failed to show harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). Plaintiff dedicated only three sentences of his opening brief to challenging the ALJ's evaluation of his testimony. *See* Dkt. 16, pp. 2–3. Plaintiff's counsel makes no

substantive arguments showing the ALJ's reasons for rejecting Plaintiff's testimony were erroneous. *See id.* "The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. . . . However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. . . . We require contentions to be accompanied by reasons." *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Plaintiff has thus failed to show the ALJ harmfully erred in rejecting Plaintiff's testimony regarding the symptoms of his ulcerative colitis.

### B.     Medical Expert Testimony

Plaintiff contends the ALJ erred in interpreting testimony from a medical expert. *See* Dkt. 16, pp. 3–5. In his issue statement and section heading, Plaintiff avers he is challenging testimony from Dr. Daller. *See* Dkt. 16, pp. 1, 3. But Plaintiff's argument and citations refer to Dr. Jilhewar's testimony. *See* Dkt. 16, p. 3. To the extent he intended to challenge the ALJ's treatment of Dr. Daller's testimony, Plaintiff has failed to adequately raise that issue because he failed to provide any substantive argument. *See Indep. Towers of Wash.*, 350 F.3d at 929; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Court considers only Plaintiff's challenge to the ALJ's treatment of Dr. Jilhewar's testimony. Plaintiff's counsel is reminded he owes a duty of diligent representation to his client, which includes presenting a cogent argument accurately identifying the issues being raised on appeal.

Dr. Jilhewar testified there were no records of Plaintiff having received treatment

for ulcerative colitis until 2013.  AR 1338.  He testified Plaintiff was not compliant with medication and dietary recommendations during the alleged disability period.  AR 1339–41, 1343.  But Dr. Jilhewar testified Plaintiff showed a good response to treatment.  AR 1343.  Dr. Jilhewar testified the frequency, severity, and duration of Plaintiff's symptoms were worse due to failure to follow dietary and medical recommendations, but Dr. Jilhewar did not know the extent.  AR 1345.  Dr. Jilhewar testified Plaintiff had specific exertional and postural limitations.  AR 1346.  He testified there was "not a single period where [Plaintiff] was completely compliant with" his medications, but based on the available record Plaintiff would need one unscheduled break per day.  AR 1347.  Dr. Jilhewar agreed Plaintiff should have ready access to bathrooms at the worksite.  *Id.*  On questioning from Plaintiff's counsel, Dr. Jilhewar stated there was no evidence available to determine whether Plaintiff was compliant with his medications when he had an urgent bowel movement while driving that required him to stop and go to the bathroom on the roadside.  AR 1350–51.

      The ALJ accepted Dr. Jilhewar's opinions, finding them persuasive.  AR 1140.  Plaintiff has failed to show this was harmful error.  *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09.  Plaintiff argues for a different interpretation of Dr. Jilhewar's testimony, focusing on testimony relating to Plaintiff's level of compliance with medication and dietary recommendations.  But Plaintiff's argument fails to show the ALJ's interpretation of Dr. Jilhewar's testimony was unreasonable.  Dr. Jilhewar explained why he concluded Plaintiff had not been compliant with medication and dietary

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 7

recommendations, and the ALJ explained why he agreed with that conclusion. *See* AR 1139, 1339–41, 1343. The ALJ's analysis was a rational interpretation of the evidence, even if the evidence could also have supported Plaintiff's alternate interpretation. As such, Plaintiff has failed to show harmful error. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which support's the ALJ's decision, the ALJ's conclusion must be upheld.").

### C. Dr. West's Opinions

Plaintiff argues the ALJ erred in rejecting Dr. West's opinion that Plaintiff would need to take occasional or prolonged breaks. Dkt. 16, p. 5. Dr. West evaluated Plaintiff in May 2013. AR 371–75. Among other things, Dr. West opined, "I believe [Plaintiff] is able to stand and to walk for up to five or six hours cumulatively in an eight-hour day providing he is able to take at least occasional and possibly prolonged breaks." AR 375.

The ALJ rejected Dr. West's opinions. AR 1140–41. In particular, the ALJ found "Dr. West's opinion that [Plaintiff] needs to take 'at least occasional and possibly prolonged breaks' to be unpersuasive." AR 1141. The ALJ reasoned "Dr. West did not provide any support for this conclusion, and it is inconsistent with Dr. Jilhewar's testimony and the record evidence cited above showing that [Plaintiff's] bowel movements are not as frequent as he alleges." *Id.* The ALJ further reasoned Dr. West's opinion was inconsistent with Plaintiff's daily activities. *Id.*

The ALJ—and nearly everyone who has dealt with this case—misread Dr. West's

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8

opinion regarding breaks as one that relates to Plaintiff's use of the bathroom instead of one that relates to standing and walking. Dr. West stated his opinion that Plaintiff would need occasional and possibly prolonged breaks in his section on Plaintiff's standing and walking limitations. AR 375. Nothing about the context of Dr. West's opinion indicates it had to do with Plaintiff's need to use the bathroom. The ALJ's reasons for rejecting this opinion center on inconsistencies in the record relating to the frequency of Plaintiff's bowel movements and bathroom use. *See* AR 1141. Because that is not what Dr. West's opinion on work breaks was about, the ALJ's reasoning was not clear and convincing or specific and legitimate. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The ALJ thus harmfully erred in rejecting Dr. West's opinion on Plaintiff's need for occasional or possibly prolonged breaks.

### D.    Scope of Remand

Plaintiff asks the Court to remand this matter for an award of benefits. Dkt. 16, pp. 5–6. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further

administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand for further proceedings.  The Court is frustrated at the lack of attention to detail by all involved regarding issues such as the start and end of the alleged disability period, and the actual scope of Dr. West's opinion.  Those issues have not been clearly resolved, and the Court cannot say with certainty that Plaintiff was disabled, or for how long, without such resolution.

On remand, the ALJ shall reevaluate Dr. West's opinion regarding Plaintiff's need for "occasional and possibly prolonged breaks" as it relates to Plaintiff's standing and walking limitations.  The ALJ shall determine the onset date Plaintiff alleges, and the date on which Plaintiff alleges the closed period ended, and determine whether Plaintiff was disabled during this period.  The ALJ shall reevaluate all relevant steps of the disability evaluation process, and conduct further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 1st day of December, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 11